## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**MANDY MANUEL**                                                          **PLAINTIFF**

**VS.**                              **No.  3:20-cv-00034 PSH**

**ANDREW SAUL,  Commissioner,**
    **Social Security Administration**                              **DEFENDANT**

## ORDER

Plaintiff Mandy Manuel ("Manuel"), in her appeal of the final decision of the

Commissioner of the Social Security Administration (defendant "Saul") to deny her

claim for Disability Insurance benefits (DIB), contends the Administrative Law Judge

("ALJ") erred by failing to resolve an apparent conflict from the vocational expert for

testimony that was inconsistent with the *Dictionary of Occupational Titles*.[1]   The

parties have ably summarized the relevant testimony given at the administrative

hearing conducted on July 15, 2019.  (Tr. 33-55).

*The Administrative Hearing:*

---

[1] Manuel also contends the ALJ erroneously found she could perform light work with
frequent handling.  Finding merit in Manuel's first claim, the Court does not address
this argument.

1

For the purpose of this opinion, the pertinent portion of the administrative hearing involves the testimony of vocational expert William David Elmore ("Elmore"). Elmore testified that the jobs of price marker and cleaner/housekeeper would be available to a hypothetical worker described by the ALJ. Elmore added that "I should mention the DOT conflict for occasional overhead reaching. I've had to rely on my past experience with these and similar jobs, in determining whether we meet the hypo or not." (Tr. 53). The ALJ later stated, "Thank you and your testimony, sir, you've told me about the overhead reach, but the balance of it, is it consistent with the *Dictionary of Occupational Titles*?" (Tr. 54). Elmore answered yes.

*ALJ's Decision:*

In her August 19, decision, the ALJ determined that Manuel had the RFC to perform light work except she could occasionally reach overhead, frequently handle and feel, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, occasionally have contact with supervisors, co-workers, and the general public, and is limited to unskilled work. Relying upon the testimony of Elmore, the ALJ determined Manuel was not capable of performing her past relevant work but was able to perform the jobs of price marker and cleaner/housekeeper. The ALJ wrote that she had "determined the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. With regard to the limitations not

2

referenced in the Dictionary of Occupational Titles, the vocational expert used his expertise and experience in the field."  (Tr. 20).  Therefore, the ALJ concluded Manuel was not disabled.  (Tr. 10-21).

*Analysis*

Manuel alleges the ALJ erred by failing to resolve an apparent conflict  from the vocational expert for testimony that was inconsistent with the *Dictionary of Occupational Titles ("DOT")*.  This argument requires the Court to answer two questions: (1) Was there a conflict between the limitations ascribed to Manuel and the jobs cited by Elmore?; and (2) If so, did Elmore sufficiently explain the conflict?

The referenced excerpts from the hearing reflect that the answer to the first question is yes.  The ALJ limited Manuel to jobs with *occasional* overhead reaching; the jobs cited by Elmore, price marker and cleaner/housekeeper, require *frequent* overhead reaching, according to the *DOT*.  This constitutes a conflict.  *See Humphrey v. Berryhill*, 2019 WL 1359286 (E.D. Mo. 2019).

Elmore attempted to resolve the conflict by testifying that he relied "on my past experience with these and similar jobs" in reaching his conclusion.  (Tr. 53).  This explanation is lacking.  Simply citing "my experience" as the basis for resolving the conflict is insufficient to explain it away.  *See Montoya v. Social Security Administration*, 2019 WL 2482719 (E.D. Ark. 2019) ("One wonders *what* is based on

experience and *how* that experience explains the conflict."). *See also Pixler v. Berryhill,* 2018 WL 3742457 (W.D. Mo. 2018) (expert's "vague assurances that she relied on some combination of the DOT and her professional experience failed to provide a reasonable explanation to resolve the conflict"); and *Kirkendoll v. Saul*, 2020 WL 2061477 (recommended disposition) (E.D. Ark. 2020) ("A VE's reliance solely on his or her experience is insufficient to resolve an apparent conflict with a given job and the DOT description of that job.").

The Court recognizes that experts are afforded some deference in offering their opinions. Even so, it is significant that this dispute arises at step 5 of the statutory sequential evaluation, where the burden of going forward with evidence shifts to the government. 20 C.F.R. §§ 404.1512 and 1560(c). Carrying this burden requires more than a passing reference by the expert to his or her experience.

Saul's decision is reversed, and this case is remanded for further proceedings consistent with this Order. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 22nd day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE